**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Ryan J. Alexander,** | **Court File No.** |
| **Plaintiff,** | |
| vs. | **COMPLAINT WITH JURY DEMAND** |
| **Lambert & Lambert Enterprises, Inc.,** doing business as Metro Petro, | |
| **Defendant.** | |

## INTRODUCTION

1. This is an action for money damages and declaratory and injunctive relief brought pursuant to the Americans with Disabilities Act (ADA) and the Minnesota Human Rights Act (MHRA).

2. It is alleged that the Defendant unlawfully discriminated against Plaintiff under the ADA and MHRA when Defendant's staff refused Plaintiff access to Defendant's business, refused to serve Plaintiff, and provided Plaintiff unequal and substandard service as compared to other similarly situated customers, all because of Plaintiff's disability and Plaintiff's attempts to access Defendant's business with a service dog.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Ryan Alexander is an individual person and was at all material times a resident of the State of Minnesota and of full age.

6. Defendant Lambert & Lambert Enterprises, Inc., is a Minnesota business corporation and is registered as such with the Minnesota Secretary of State. Defendant Lambert & Lambert owns and operates "Metro Petro," which is a gas station/convenience store/fast-food establishment, located at 2700 University Ave SE, Minneapolis, MN 55414.

## FACTS

7. Plaintiff Ryan Alexander is a physically disabled resident of the State of Minnesota. Mr. Alexander's left leg is amputated below his knee. Mr. Alexander also suffers from PTSD and panic attacks. Mr. Alexander is prescribed an arm crutch, a wheelchair, and a service dog to assist with daily living tasks related to his physical and mental disabilities.

8. Mr. Alexander owns a service dog, "Lex," specifically trained to assist Mr. Alexander with daily living activities. Due to his amputation, Mr. Alexander experiences chronic pain, weakness, instability, and difficulty walking, all of which cause Mr. Alexander to suffer frequent falls, especially during the winter season in snow/ice conditions. Due to his amputation, Mr. Alexander also walks slowly and with a pronounced limp.

9. Lex is specifically trained to provide stability for Mr. Alexander while walking and to assist Mr. Alexander in decreasing the frequency of falls and injuries. With Lex's assistance, Mr. Alexander can often regain his stability and prevent falls altogether. In addition, when Mr. Alexander does fall, he uses Lex as an anchor to help brace/soften the landing and prevent head/face and other injuries. Lex also assists Mr. Alexander by providing warnings of oncoming PTSD/panic attack episodes and assists Mr. Alexander in minimizing the severity of PTSD symptoms.

10. On February 12, 2019, Mr. Alexander was in Minneapolis and decided to visit Defendant's Metro Petro establishment to purchase a beverage. Mr. Alexander drove into Defendant's parking lot, parked his vehicle in the disability designated parking space, exited his vehicle with Lex, and proceeded to enter Defendant's Metro Petro establishment with Lex.

11. At the time, Lex was wearing a collar that was clearly marked "SERVICE DOG" that was attached to a short leash. Mr. Alexander kept Lex leashed at all times while inside Metro Petro and never released the leash. Lex also stayed in very close proximity to Mr. Alexander at all times, as he is trained, and caused no disturbance or inconvenience to other customers/staff inside Metro Petro.

12. Once inside Metro Petro, Mr. Alexander picked out a beverage that he intended to purchase. Shortly after, before Mr. Alexander could make it to the register, J. Doe, a Metro Petro employee whose true legal name is presently unknown to Plaintiff, approached Mr. Alexander in a hostile manner. J. Doe blocked Mr. Alexander's path and yelled out, "Your dog needs to leave!" Mr. Alexander explained that he is disabled and that Lex is his service dog, but J. Doe refused to listen. J. Doe insisted, "Your dog has no tags, no medical tags" and ordered Mr. Alexander to leave the establishment. Mr. Alexander also told J. Doe that he is

allowed to have Lex with him pursuant to state and federal law, but J. Doe refused to listen and continued to order Mr. Alexander to leave. Mr. Alexander asked J. Doe to call the police, but she refused that request as well and continued to order Mr. Alexander to leave the establishment.

13. Mr. Alexander attempted to walk away from J. Doe and reach the cashier to pay for the beverage, but J. Doe ordered the cashier, "Without no tags, you cannot serve him . . ., you can move to the next customer." Mr. Alexander told J. Doe, numerous times, that Lex was a medical service dog and that what she was doing was illegal, but J. Doe responded, "It doesn't matter, it's the rules of the store." Mr. Alexander continued to ask J. Doe to allow him to make his purchase and explained that he has an injured leg and hip, but J. Doe continued to refuse him service and claim that, according to the "rules of the store," she would need to see some sort of "tags" before allowing Mr. Alexander to remain inside the establishment and make a purchase. After several minutes of harassing Mr. Alexander and refusing him service, J. Doe stated, "He's [the cashier] not gonna help you," and proceeded to walk away. Mr. Alexander then set down the beverage he intended to purchase and left the establishment without making a purchase.

14. During the incident described above, other customers were in the store and observed what happened. These customers, who did not appear to have any physical disabilities, were treated favorably and allowed to make purchases while Mr. Alexander was discriminated against and denied service.

15. As a result of the Defendant's actions, Mr. Alexander suffered shame, humiliation, embarrassment, emotional/psychological trauma, anguish, and distress, including depressed mood, stress, worry, anxiety, and diminished quality and enjoyment of life.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 12182 – ADA PUBLIC ACCOMMODATIONS DISCRIMINATION

16. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

17. Plaintiff is an individual with a "disability" as defined under 42 U.S.C. § 12102.

18. Defendant's Metro Petro is a place of "public accommodation" as defined under 42 U.S.C. § 12181.

19. Based on the above factual allegations, Defendant unlawfully discriminated against Plaintiff on the basis of his disability in violation of the ADA when Defendant denied Plaintiff equal service, humiliated and embarrassed Plaintiff, treated Plaintiff differently and inappropriately as compared to other non-disabled customers, and failed to make reasonable modifications to its policies, practices, procedures, and training to ensure that disabled individuals with service animals are allowed equal service.

20. As a result of these violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: MINN. STAT. § 363A.11 – MHRA PUBLIC ACCOMMODATIONS DISCRIMINATION

21. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

22. Plaintiff is an individual with a "disability" as defined under Minn. Stat. §363A.03.

23. Defendant's Metro Petro is a "place of public accommodation" as defined under Minn. Stat. §363A.03.

24. Based on the above factual allegations, Defendant unlawfully discriminated against Plaintiff on the basis of his disability in violation of the MHRA when Defendant denied Plaintiff equal service, humiliated and embarrassed Plaintiff, treated Plaintiff differently and inappropriately as compared to other non-disabled customers, and failed to make reasonable

modifications to its policies, practices, procedures, and training to ensure that disabled individuals with service animals are allowed equal service.

25. As a result of these violations, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendant, finding that Defendant discriminated against Plaintiff in violation of the ADA and MHRA and that Defendant is liable to Plaintiff for all damages resulting from these violations.

b. Award of compensatory damages to Plaintiff against Defendant.

c. Award of punitive damages to Plaintiff against Defendant.

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 12205 and Minn. Stat. § 363A.33.

e. A declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that (1) Defendant unlawfully discriminated against Plaintiff in violation of the ADA and MHRA and (2) Defendant's policies, practices, procedures, and training of employees, specifically pertaining to rights of disabled individuals with service animals, are inadequate and in violation of the ADA and MHRA.

f. A permanent injunction, ordering Defendant as follows: (1) to immediately terminate any and all forms of discrimination against disabled individuals with service animals; (2) to develop and provide proper training for Defendant's employees on ADA public accommodations disability discrimination provisions; (3) to require each current and future Metro Petro employee to read and acknowledge understanding of ADA's 2010 Revised

Requirements for Service Animals, attached hereto as Exhibit 1; and (4) to require Defendant to display, for a period of 12 consecutive months, a visible and conspicuous sign, on each public entry door to Metro Petro, stating as follows: "Service Animals are Allowed in this Facility."

g. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: June 20, 2019               By: s/ Zorislav R. Leyderman
                                                ZORISLAV R. LEYDERMAN
                                                Attorney License No. 0391286
                                                Attorney for Plaintiff
                                                The Law Office of Zorislav R. Leyderman
                                                222 South 9th Street, Suite 1600
                                                Minneapolis, MN 55402
                                                Tel: (612) 876-6626
                                                Email: zrl@ZRLlaw.com